IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**TUDOR INSURANCE COMPANY,**   )
a corporation,
                              )
    **PLAINTIFF,**
                              )
V.                                    2:12-cv-2224-JHH
                              )
**DEBBIE SMITH, an individual;**
**CAHABA PEST CONTROL, INC.,**   )
a corporation; and **ARTHUR G.**
**HAWKINS, JR., an individual,**   )

    **DEFENDANTS.**              )

**MEMORANDUM OPINION AND ORDER**

The court has before it the Motion (Doc. #7) to Dismiss filed by Defendants Cahaba Pest Control, Inc. ("Cahaba") and Arthur G. Hawkins, Jr. ("Hawkins") on July 25, 2012 and the Motion (Doc. #9) to Dismiss, or in the Alternative, Motion for Stay, Based on Abstention due to Pendency of Parallel State Court Action filed by Defendant Debbie Smith ("Smith") on July 27, 2012.[1]  The Motions (Docs. #7, 9) have been fully briefed (*see* Docs. #7, 9, 11, 12), and are currently before the court for review.  (*See* Docs. #8, 10).

---

[1] The Motion (Doc. #9) to Dismiss, or in the Alternative, Motion for Stay, Based on Abstention due to Pendency of Parallel State Court Action was filed as an Answer.

I.      **Background and Relevant Facts.**

Plaintiff Tudor Insurance Company ("Tudor") filed a Complaint (Doc. #1) for Declaratory Judgment in this court on June 20, 2012. Tudor issued to Defendant Cahaba Pest Control, Inc. a commercial general liability insurance policy, policy number PGL0755147, for the policy period of December 16, 2006 to December 16, 2007. (Compl., ¶ 8).

On January 12, 2009, a Complaint styled *Debbie Smith v. Cahaba Pest Control and A.G. Hawkins, Jr.* was filed in the Circuit Court of Shelby County, Alabama, Civil Action No. 2008-900791 (referred to hereinafter as the "underlying complaint"). (Compl., ¶ 9). The underlying complaint sought recovery from the underlying Defendants Cahaba Pest Control, Inc. and A.G. Hawkins, Jr. for damages allegedly arising from termite damage to Debbie Smith's house. (Compl., ¶ 9). On or about March 5, 2009, Tudor informed Cahaba and Hawkins that it would not defend or indemnify with regards to the claims made in the underlying complaint. (Compl., ¶ 10). On December 12, 2009, Debbie Smith filed a First Amended Complaint against Cahaba and Hawkins. (Compl., ¶ 11). The Circuit Court of Shelby County entered a judgment dismissing A.G. Hawkins and in favor of Debbie Smith against Cahaba on April 18, 2012 in the amount of $225,000. (Compl., ¶ 12).

Tudor had been advised that Debbie Smith intended to file a Direct Action under Alabama's Direct Action Statute, Alabama Code § 27-23-2 (1975) against Tudor since coverage had been declined for the subject judgment.  (Compl., ¶ 13). Tudor seeks a declaration from this court that coverage is not afforded under policy number PGL0755147 for the claims and allegations of the underlying complaint and that Tudor owes no duty to indemnify Cahaba or Hawkins for the subject judgment. (Compl., ¶ 14).

Tudor is one of three insurance carriers of Cahaba sued by Debbie Smith in Shelby County, Alabama on July 27, 2012 (that is, *after* the declaratory judgment action was filed in this federal court) to collect a judgment under Ala. Code § 27-23-2 (1975) in the case styled *Debbie Smith v. Tudor Ins. Co., Am. Safety Ins. Co., Markel Ins. Co., Cahaba Pest Cntrl., Inc., et al.* (the "Parallel Action").  (*See* Doc. #9, ¶ 2; *see also* Exh. B to Doc. #9).  The Parallel Action against Tudor alleges coverage for the same judgment for which Tudor disclaims responsibility in the case before this court, the declaratory judgment action.  (*See generally* Compl.).

Cahaba and Hawkins filed a Motion (Doc. #7) to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)(2) and (6) on July 25, 2012.  Defendant Debbie Smith filed a Motion (Doc. #9) to Dismiss, or in the Alternative, for Stay, Based on Abstention due to Pendency pf Parallel State Court Action on July 27, 2012.  The

Motions (Docs. #7, 9) have been fully briefed (*see* Docs. #9, 11, 12) pursuant to the court's schedules (*see* Docs. #8, 10) and are properly before the court for review.

**II.    Discussion.**

The two motions to dismiss raise three grounds for dismissal: (1) that Defendant Cahaba Pest Control is not a legal entity capable of being sued; (2) that there exists no justiciable controversy between Tudor Insurance Company ("Tudor") and Arthur G. Hawkins, Jr.; and (3) that this court should abstain from exercising control over the litigation because there is a parallel state proceeding. (*See generally* Docs. #7, 9). In the alternative, Debbie Smith ("Smith") moves the court to stay the federal case pending the outcome of the parallel state court action. (*See* Doc. #9 at 4). Because the abstention doctrine counsels for dismissal of this federal case, its consideration takes the forefront of discussion.

The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Indeed, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (citations omitted). As the Eleventh Circuit has observed, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a

duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). A district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). District courts must balance the interests of federalism, comity, and efficiency in determining whether to hear a declaratory judgment action when confronted with a parallel state action. *See Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330-31. To assist district courts in this endeavor, the Eleventh Circuit listed a non-exhaustive set of "guideposts" to be considered, including: (i) the state's interest in deciding the matter; (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment action would clarify the parties' legal relations; (iv) whether the federal action amounts to procedural fencing; (v) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts; and (ix) the nexus (if any) between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory action. *See Ameritas*

*Variable Life Ins. Co.*, 411 F.3d at 1331.  That is, in some cases "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).  The Supreme Court has warned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.*

Several different factors support the conclusion that Shelby County's Circuit Court is the better venue for the parties to litigate this controversy, despite the fact that it was the later-filed of the cases.  The complete controversy stands *only* in the state court.  *See Ameritas*, 411 F.3d at 1331 (listing one of the considerations to be "whether the judgment in the federal declaratory action would settle the controversy").  Alabama has a superior interest in deciding the issue of coverage under its own Direct Action statute. *See id.* (listing considerations to be "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts" and "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy or whether federal common or statutory law dictates a resolution of the declaratory judgment action"). Indeed, having entered judgment in favor of Debbie Smith in the underlying

action, the state court is in a better position to evaluate parallel factual issues than is this court. *See id*. For this court to engage in piecemeal litigation would undoubtedly "increase the friction between our federal and state courts and improperly encroach on state jurisdiction." *Id*. Allowing the federal declaratory judgment action to proceed would amount to unnecessary and inappropriate "[g]ratuitous interference" with the more encompassing and currently pending[2] state court litigation. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (evaluating and ultimately upholding decision to stay Declaratory Judgment Act action under abuse of discretion standard) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

**III.  Conclusion.**

The Circuit Court of Shelby County is the more appropriate forum to hear the parties' complete controversy. Accordingly, Defendant Debbie Smith's Motion (Doc. #9) to Dismiss is due to be granted and the Motion (Doc. #7) to Dismiss of

---

[2]As noted earlier, the court recognizes that the state court action was filed after this case. Although in some cases that is an appropriate point to consider in determining whether to continue to exercise jurisdiction over a declaratory judgment action, the court does not believe it is a significant factor here. (*See* Doc. #12 at 4-6).

Defendants Cahaba Pest Control, Inc. and Arthur G. Hawkins, Jr. is **MOOT**.³  A separate order will be entered dismissing this case.

    **DONE** this the   18th   day of September, 2012.

                                     /s/ James H. Hancock
                                     SENIOR UNITED STATES DISTRICT JUDGE

---

³ The Motion (Doc. #7) to Dismiss does, however, have merit.  Based on the supporting documents and argument asserted by Cahaba, Plaintiff Tudor has now agreed that the claims asserted against Cahaba are due to be dismissed.  (*See* Doc. #11 at 1). And because there has been no judgment against Hawkins in the underlying action, " (*see* Compl., Exh. C at ¶ 3), it is beyond dispute that this court cannot proceed to judgment on the question of whether Tudor had a duty to indemnify Hawkins.